```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

SEAGRAPE INVESTORS, LLC,

                            Plaintiff,                19-CV-09736 (RA)(SN)

            -against-                                        ORDER

TUZMAN, et al.,

                            Defendants.
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/6/2023

**SARAH NETBURN, United States Magistrate Judge:**

Plaintiff filed a letter motion alleging that Defendants improperly refused to produce supplemental discovery under Rule 26(e)(1) of the Federal Rules of Civil Procedure, which Defendants opposed. See ECF Nos. 194, 195. Plaintiff's motion to compel discovery is DENIED.

**I.      Meet and Confer Obligations**

Pursuant to the Court's Individual Rules of Practice, parties are required to meet and confer before addressing discovery disputes to the Court and include evidence of that meet-and-confer process in any letter to the Court. Plaintiff failed to provide evidence that it discussed these requests with Defendants, and Defendants contend that no conference was conducted. This is reason alone to deny Plaintiff's motion. The Court, however, will consider the merits of Plaintiff's application.

**II.     Rule 26(e)(1)**

Plaintiff argues that Defendants have a continuing obligation to produce supplemental discovery pursuant to Rule 26(e)(1). Rule 26(e)(1) requires a party to supplement its disclosure

or response if it learns that its previous disclosure or response is incomplete or incorrect. Fed. R. Civ. P. 26(e)(1). "The duty to supplement continues even after the discovery period has closed." Ferring Pharm. Inc. v. Serenity Pharm., LLC, No. 17-cv-09922 (CM)(SDA), 2019 WL 5682635, at *2 (S.D.N.Y. Nov. 1, 2019) (quoting Star Direct Telecom, Inc. v. Glob. Crossing Bandwidth, Inc., 272 F.R.D. 350, 358 (W.D.N.Y. 2011)).

The cases Plaintiff relies on discuss the obligation to supplement discovery up until trial. See Ferring Pharm., 2019 WL 5682635, at *2 (ordering a party to supplement its document production after close of discovery and before trial); Star Direct Telecom, 272 F.R.D. at 358 (same); Au New Haven, LLC v. YKK Corp., No. 15-cv-3411 (GHW), 2023 WL 2612204, at *7 (S.D.N.Y. Mar. 23, 2023) (granting motion for sanctions for party's failure to provide supplemental discovery after close of discovery and before trial)). But the Court has already granted Plaintiff summary judgment. ECF No. 184. There will be no trial. Defendants have no continuing obligation to supplement their discovery at this stage.

### III.   Rule 69(a)(2)

To the extent Plaintiff seeks supplemental discovery in aid of a judgment under Rule 69(a)(1), such discovery is premature.

Rule 69 sets forth procedures for enforcement of money judgments. Under Rule 69(a)(2) post-judgment discovery may be obtained from any person "[i]n aid of the judgment or execution . . . ." Id. Rule 69(a)(2) does not apply before a judgment is entered. See Parallel Iron LLC v. NetApp, Inc., 84 F. Supp. 3d 352, 362 (D. Del. 2015) ("[O]rdering discovery before judgment has been entered would render Rule 69(a)(2) superfluous."); Braunstein v. Pickens, 274 F.R.D. 568, 571 (D.S.C. 2011) ("Rule 69 discovery requests are only available after the defendant has failed to voluntarily comply with the judgment."); Sanderson v.

<u>Winner</u>, 507 F.2d 477, 480 (10th Cir. 1974) (concluding that there is no right to discovery of assets under Rule 69 until judgment is obtained). A judgment has not yet been entered in this case; therefore, a motion to compel supplemental discovery under Rule 69(a)(2) is premature.

Plaintiff's letter motion to compel supplemental discovery is DENIED. Defendants' request for fees, costs, and expenses is DENIED. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 194.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED:   October 6, 2023
         New York, New York