UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SEAGRAPE INVESTORS LLC,

              Plaintiff,

      v.

KALEIL ISAZA TUZMAN, KIT CAPITAL, LTD., KIT CAPITAL (NEVIS) LLC, OBRA PIA LTD., OBRA PIA (US) FEEDER, LP, OBRA PIA MANAGEMENT, GP, LTD., OBRA PIA LTD., SURCUSAL COLOMBIA, AMANDA BLAUROCK, ROSARIO DAVI, JOSEPH P. GARLAND, AND KENNETH A. ELAN,

              Defendants.

No. 19-CV-9736 (RA)

ORDER ADOPTING
REPORT & RECOMMENDATION

---

RONNIE ABRAMS, United States District Judge:

      In October 2019, Plaintiff Seagrape Investors LLC ("Seagrape") sued Defendants Kaleil Isaza Tuzman, KIT Capital, Ltd., KIT Capital (Nevis) LLC, Obra Pia Ltd., Obra Pia (U.S.) Feeder, LP, Obra Pia Management, GP, Ltd., and Obra Pia Ltd., Surcusal Colombia (collectively, the "OP Defendants"), as well as Defendants Amanda Blaurock (KIT Nevis's General Counsel), Rosario Davi (KIT Nevis's CFO), and Joseph Garland and Kenneth Elan (the OP Defendants' prior counsel). Against certain OP Defendants, Seagrape asserted claims for federal securities fraud under Section 10(b) and Rule 10-b5, common law fraud, and breach of contract, and—also against Defendants Blaurock and Davi—a claim for breach of fiduciary duties. As to Defendants Garland and Elan, Seagrape asserted claims for aiding and abetting breach of fiduciary duty and violations of New York Judiciary Law § 487. The Court granted Defendants' motion to dismiss all claims except the breach of contract claim. It later granted summary judgment for Seagrape on the breach of contract claim and referred the case to Magistrate Judge Netburn for a report and recommendation on attorneys' fees and costs owed to Seagrape. On July 11, 2024, Judge Netburn issued a report and recommendation (the "Report"), to which no party objected.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(l). Parties may object to a magistrate judge's proposed findings and recommendations "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2). "When the parties make no objections to the [report and recommendation], the Court may adopt the [it] if 'there is no clear error on the face of the record.'" *Smith v. Corizon Health Servs.*, 2015 WL 6123563, at *1 (S.D.N.Y. Oct. 16, 2015) (quoting *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005)). "Furthermore, if as here . . . the magistrate judge's report states that failure to object will preclude appellate review and no objection is made within the allotted time, then the failure to object generally operates as a waiver of the right to appellate review." *Hamilton v. Mount Sinai Hosp.*, 331 F. App'x 874, 875 (2d Cir. 2009).

As no objections to Judge Netburn's Report were filed, the Court reviews the Report for clear error. After careful consideration of the record, the Court finds no error and thus adopts the well reasoned Report in its entirety. Accordingly, Seagrape is awarded $292,804.51 in attorneys' fees and costs with applicable prejudgment interest. In particular, Seagrape is awarded $285,120.66 in fees, including (1) $24,045.75 for fees incurred in the Colombian litigation, (2) $43,045.00 for fees incurred in the British Virgin Islands litigation, and (3) $218,029.91 for fees incurred in the U.S. litigation for work performed by Press Koral. It is further awarded $7,683.85 in costs. Prejudgment interest at a rate of nine percent per annum should accrue as of July 26, 2023.

The Clerk of Court is respectfully directed to enter judgment for Plaintiffs, terminate the motion pending at Docket Number 187, and close this case.

SO ORDERED.

Dated:   August 19, 2024
         New York, New York

_____
Ronnie Abrams
United States District Judge